IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Automotive Technologies International, Inc. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action: |
| v. | ) |
| | ) Jury Trial Demanded |
| I.D. Systems, Inc. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Automotive Technologies International, Inc. ("ATI"), for its Complaint against Defendant I.D. Systems, Inc. ("IDS") alleges as follows:

## PARTIES

1.

Plaintiff ATI is a Delaware corporation with its principal place of business at 48 Hillcrest Rd., Boonton, New Jersey 07005.

2.

Defendant IDS is a Delaware corporation with its principal place of business related to the present action at 5465 Legacy Drive, Suite 700, Plano, Texas, which is located in the Eastern District of Texas.

3.

IDS can be served with process upon its Registered Agent for Service of Process, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4.

This is an action for injunctive and monetary relief as a consequence of patent infringement by IDS under the Patent Act, 35 U.S.C. § 1 *et seq.*

5.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.

This Court has jurisdiction over Defendant IDS due to its systematic and continuous contacts with the State of Texas including, among other things, operating is principal place of business related to the present action in the Eastern District of Texas and selling or offering to sell infringing products in the Eastern District of Texas.

7.

Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) because a substantial portion of the events that give rise to the claims occurred in the Eastern District of Texas and because IDS resides, has committed acts of infringement, and has a regular and established place of business in the Eastern District of Texas.

## FACTS COMMON TO ALL COUNTS

8.

ATI owns U.S. Patent No. 7,386,372 ("the '372 Patent"), which was legally issued and remains in force.

9.

The '372 Patent discloses and claims an ultrasonic cargo monitor that modifies the transmission or processing of the ultrasonic waves based on atmospheric conditions.

10.

IDS makes, sells and offers to sell an ultrasonic cargo monitor that modifies the transmission or processing of the ultrasonic waves based on atmospheric conditions.

## COUNT I
## PATENT INFRINGEMENT

11.

ATI realleges all prior allegations and incorporates them herein by this reference.

12.

The actions of IDS alleged above constitute infringement of the '372 Patent under the Patent Act, 35 U.S.C. § 1 *et seq*.

13.

The actions of IDS alleged above constitute an exceptional case warranting an award of attorney fees under 35 U.S.C. § 285.

14.

ATI has been and will continue to be damaged by the patent infringement by IDS.

15.

Unless enjoined by this Court, the patent infringement by IDS will continue.

16.

The continuing acts of infringement by IDS are irreparably harming and causing damage to ATI. ATI will be substantially and irreparably damaged and harmed if the patent infringement by IDS is not enjoined.

17.

ATI has no adequate remedy at law to redress the continuing acts of patent infringement by IDS. The hardships that would be imposed by an injunction are less than those faced by ATI should an injunction not issue. The public interest would be served by issuance of an injunction.

**PRAYER FOR RELIEF**

THEREFORE, ATI prays for the following relief:

1. A judgment that certain ultrasonic cargo monitors offered and sold by IDS infringe one or more claims of the '372 Patent.

2. A declaration that the patent infringement by IDS constitutes an exceptional case.

3. An award of damages adequate to compensate ATI for the patent infringement.

4. An award of attorney fees for an exceptional case.

5. An injunction permanently enjoining IDS and all others in active concert or participation with IDS from making, using, importing, selling or offering to sell ultrasonic cargo monitors that modify the transmission or processing of the ultrasonic waves based on atmospheric conditions.

6. An injunction permanently enjoining IDS and all others in active concert or participation with ID from infringing the '372 Patent.

7. An award of costs of the litigation to ATI as the prevailing party.

8. Such other and further relief as this Court deems just and equitable under the circumstances of the case.

Plaintiff ATI demands a jury trial.

DATE:  April 19, 2011                              Respectfully Submitted,


/s/ Elizabeth L. DeRieux
S. Calvin Capshaw
Texas State Bar No. 03783900
E-Mail: ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
Texas State Bar No. 05770585
E-Mail: ederieux@capshawlaw.com
D. Jeffrey Rambin
Texas State Bar No. 00791478
E-Mail: jrambin@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone:     (903) 236-9800
Facsimile:     (903) 236-8787

Of Counsel:
Michael J. Mehrman
GA Bar No. 500975
MEHRMAN LAW OFFICE, P.C.
P.O. Box 420797
Atlanta, Georgia 30342
404 497 7400 (phone)
404 420 2435 (facsimile)
E-Mail:  mike@mehrmanlaw.com

Counsel for Plaintiff
Automotive Technologies International, Inc.